98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ras Adisa Gamba OLUWA, Petitioner-Appellant,
v.
Steven CAMBRA, Jr., Warden, Pelican Bay State Prison; James
H. Gomez, Director, California Department of Corrections;
California Board of Prison Terms; Attorney General of the
State of California, Respondents-Appellees.
 No. 95-56665.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 11, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ras Adisa Gamba Oluwa, a California state prisoner, appeals pro se the denial of his 28 U.S.C. 2254 habeas corpus petition challenging the California Board of Prison Terms' refusal to hold yearly parole hearings and refusal to set his "primary term." We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 In 1982 Oluwa was sentenced to prison for an indeterminate term of 15 years to life for a second degree murder committed in 1980. In the district court he claimed that the Board violated the Ex Post Facto Clause by applying Cal.Penal Code § 3041.5(b)(2) as amended in 1981 and 1990 and refusing to hold yearly parole suitability hearings as required by the law in effect in 1980. As Oluwa acknowledged in his objections to the magistrate judge's report and recommendation, this claim is foreclosed by California Dep't of Corrections v. Morales, 115 S.Ct. 1597, 1605 (1995). We decline to consider for the first time on appeal Oluwa's contention that the Board's refusal to apply the law in effect in 1980 violates due process. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 4
 Oluwa also contends that due process required the Board to set his "primary term," or a fixed term within the limits of his indeterminate sentence, under Cal.Penal Code § 3041 because Cal.Penal Code §§ 3000 and 3001 provide that he is entitled to parole and thus to a term less than life. This contention lacks merit because §§ 3000 and 3001 govern the length of parole terms once parole has been granted; the fact that if released from imprisonment Oluwa would be subject to a particular parole term does not create a legitimate expectation that he will receive any sentence less than life. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459 (1989) (person claiming protected liberty interest must have legitimate claim of entitlement to it).[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal